OPINION
PER CURIAM.
Reliance Standard Life Insurance Company (“Reliance”) appeals from the district court’s grant of summary judgment in favor of Joel Carrigan (“appellee”) in this action for wrongful denial of benefits under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. (West 2002). As the district court did not have the benefit of this court’s opinion in Gallagher v. Reliance Standard Life Ins. Co., 305 F.3d 264 (2002), we vacate the district court’s grant of summary judgment, and remand the case for further proceedings.
I.
Appellee worked as a corporate officer and publisher for Goodwill Publishing, Inc., for approximately 30 years. His job title was “Director of Field Communications,” and his job duties as described by Goodwill Publishing included receiving calls from sales personnel, resolving problems and complaints regarding sales, meeting with office personnel and researching, and occasionally filling orders for supplies, involving the lifting of boxes and packing material. The Dictionary of Occupational Titles entry matched to ap-pellee’s job included such tasks as monitoring clerks, reviewing orders, training clerks, issuing written and oral instructions, and preparing reports.
Appellee also had a long history of health problems associated with his back and legs. He had undergone four lumbar or cervical surgeries, the first in 1964, and had suffered chronic back pain since at least the 1970’s. From 1995 through 1999, appellee visited multiple physicians, including Dr. Darden, an orthopaedist, and Drs. Aiken and Anthony, internists, regarding his back and leg problems. Dr. Darden reported that appellee suffered from degenerative disk disease, with a possible lumbar radiculopathy[1] of the left leg. In October of 1998,
Dr. Darden recommended that appellee receive a microdiscectomy on the left side between the L2-L3 vertebrae.[2] Dr. Aiken noted that appellee was in obvious pain, suffered from back spasms, and had limited mobility and limited physical capabilities. Dr. Aiken concluded that appellee had chronic severe degenerative disc disease.
From March 1997 until November 1998, appellee was also treated by Dr. Anthony, an internist. On a statement made in March 1999, Dr. Anthony concluded that appellee had limited physical capabilities, and stated that in his opinion appellee was “disabled from his past relevant work as an office manager,” and was “disabled *632 from performing even sedentary work,” although no definition of “disabled” was specified.
In May of 1999, Dr. Gudeman, another physician, concluded that appellee suffered from moderately severe cervical degenerative disc and spine disease with significant and bi-lateral foraminal encroachment,[3] and he recommended that appellee undergo a cervical diskotomy[4] and fusion at the C4-5 and C5-6 vertebrae. The record does not specify whether appellee proceeded with this surgery.
On October 19, 1998, appellee applied, through Goodwill Publishing, for long-term disabbity benefits from Reliance, a fiduciary for Goodwill Publishing’s long-term disability policy, an employee welfare benefit plan governed by ERISA. Appebee reported that the last day on which he worked fub time was August 28, 1998, and was totaby disabled from that date on due to his chronic back and leg pain. After evaluating the evidence submitted by ap-pebee, Rebanee denied the claim, determining that appebee fabed to satisfy the plan definition of total disabbity. Appebee timely appealed, and Rebanee affirmed its previous decision to deny benefits. On October 21, 1999, appebee then filed a lawsuit pursuant to 29 U.S.C. § 1132 challenging Reliance’s determination. After considering the administrative record, the district court held that even under the more deferential abuse of discretion standard, Reliance abused its discretion by denying the appbeation for benefits, and entered summary judgment in favor of appebee. Rebanee fbed a timely notice of appeal.
II.
We review the district court’s grant of summary judgment de novo, applying the same legal test as the district court. See Elliott v. Sara Lee Corp., 190 F.3d 601, 605 (4th Cir.1999). An ERISA plan administrator’s or fiduciary’s determinations are presumptively subject to de novo judicial review. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 112-13, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); Doe v. Group Hospitalization & Medical Servs., 3 F.3d 80, 85 (4th Cir.1993). A reviewing court wbl use a more deferential standard of review (such as abuse of discretion) only when the language of the plan confers discretion upon the administrator or fiduciary. See Firestone Tire, 489 U.S. at 111-12, 109 S.Ct. 948. This court, in Gallagher, has already interpreted the very plan language now in dispute and concluded that the plan did not confer any discretion on Rebanee to determine eligibility for benefits. 305 F.3d at 270. Hence, we review Reliance’s eligibbity determination de novo.
Under the plan, an insured employee is “totaby disabled” when, as the result of sickness or injury, the employee “cannot perform each and every material duty of his/her regular occupation” during the entire “Elimination Period.” J.A. 463. The “Elimination Period” is a period of 90 consecutive days of total disabbity. J.A. 460, 462. The contract also requires that a claimant “submit satisfactory proof of total disabbity to [Rebanee]” before benefits wbl be awarded. J.A. 468. As appebee claimed to be totaby disabled beginning on August 28, 1998, J.A. 643, appebee’s elimination period ran from August 28, 1998, untb November 26,1998.
*633 This court, in Gallagher, interpreting the very plan before us now, concluded that in order for a claimant to be eligible for benefits, he must “submit objectively satisfactory proof that he was unable to perform all the material duties of his regular occupation [during the elimination period].” 305 F.3d at 270. As the district court did not have the benefit of the Gallagher opinion, we vacate its grant of summary judgment and remand in order for it to consider appellee’s proffered evidence using the analysis set forth in Gallagher,[5]

CONCLUSION

For the reasons stated herein, we vacate the grant of summary judgment to appel-lee and the award of attorneys’ fees, and remand to the district court for further proceedings.

VACATED AND REMANDED.

. Radiculopathy is a disorder of the spinal nerve roots. See Stedman’s Medical Dictionary 1503 (27th ed.2000).

. A discectomy is the excision, in part or whole, of an intervertebral disk. See Sted-man’s Medical Dictionary 508 (27th ed.2000).

. Foramina are apertures or perforations through bone or through a membranous structure. See Stedmans Medical Dictionary 698 (27th ed.2000).

. Also referred to as a discectomy. See note 2.

. Since it is unclear in light of Gallagher that appellee will be a prevailing party, we also vacate the award of attorneys’ fees to appel-lee. See Martin v. Blue Cross & Blue Shield of Va., Inc., 115 F.3d 1201, 1210 (4th Cir. 1997).